CUTTER ELECTRICAL & MANUFACTURING CO. v. ANCHOR ELEC-
TRIC CO. et al.

(Circuit Court of Appeals, Second Circuit. April 3, 1900.)

No. 146.

PATENTS—INVENTIONS—ELECTRICAL SWITCHES.
    The Cutter patent, No. 437,667, for improvements in electrical switches,
as to claims 4 and 5, is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the South-
ern District of New York.

This cause comes here upon appeal from a decree of the circuit
court, Southern district of New York, dismissing the bill. 97 Fed.
804.

John P. Croasdale, for appellant.

E. P. Payson, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The suit is for infringement of Unit-
ed States letters patent No. 437,667, September 30, 1890, to Hen-
ry B. Cutter, as joint inventor with and assignee of Lucius T.
Stanley, for "improvements in electrical switches." The specifica-
tion states that the "main purpose has been to produce a neat and
ornamental switch mechanism, which may be applied and used in
any house or room without disfigurement, and which at the same
time shall be complete and effective as a devise for making and
breaking a heavy current; and our further object has been to im-
prove the construction and mechanical details of the switch mech-
anism itself." It will not be necessary to quote from nor discuss
such portions of the specification and drawings as describe the al-
leged improvements in the details of the switch mechanism and the
particular arrangement of mechanical parts which makes the device
effective when the current is heavy. Such portions of the patent
might be quite material in connection with the prior history of the
art, if the first three claims were under discussion. But at the very
outset of the case, while taking its prima facie testimony, the com-
plainant, by its counsel, expressly stated that "it relies on the fourth
and fifth claims  *  *  *  as the claims infringed by the defend-
ants," and those two claims only have been relied upon in argument
in this court. These claims are as follows:

"(4) In an electric switch, the combination with a rocking lever constituting
a part of the operative parts of a switch mechanism, of a face-plate for en-
closing said switch mechanism in a suitable receptacle, and push-buttons
passing through said face-place, and connected with opposite ends of said
rocking lever, as set forth. (5) A spring-actuated electric switch, adapted to
be inserted in a recess in a wall, and a pivoted lever for operating the same,
in combination with a face-plate for covering said recess and inclosing said
switch, and push-buttons passing through said face-plate and connected with
the lever of the switch mechanism, whereby the switch may be set in action
or operation to make or break circuit by pushing one or the other of said but-
tons."

Electric switches spring-actuated and with rocking or pivoted
levers had theretofore been inserted in suitable receptacles, such as

a recess in a wall, and had been covered over with face-plates, or their equivalents, and operated from without the recess by a turning button or thumbpiece. Absolutely the only element of novelty in these claims is the substitution for such turn-buttons of two push-buttons passing through the face-plate. The application of such a well-known device, which had long been employed in the common door lock, hardly called even for the skill of the particular art. The most ordinary mechanical experience was sufficient to substitute it for the turn-button as the means to rock the lever one way or the other. When confined within the limits of these two claims, the "improvement" of the patent is of the most trivial character, and wholly devoid of patentable invention. The decree is sustained, with costs.